IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:12-cv-00404-MR
[Criminal Case No. 1:10-cr-00059-MR-DLH-1]

| | |
|---|---|
| TROY STEVEN MESSER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; Petitioner's motion to appoint counsel [Doc. 2]; and Petitioner's motion to supplement his § 2255 motion [Doc. 3].

I. **FACTUAL AND PROCEDURAL HISTORY**

On February 6, 2007, Petitioner was indicted on four charges by the grand jury in this District. Count One charged Petitioner with threatening to assault a federal law enforcement officer with the intent to impede, intimidate, interfere with, and retaliate against such law enforcement officer while the officer was engaged in the performance of official duties, in violation of 18 U.S.C. § 115(a)(1)(B). Count Two alleged that during and in

relation to the crime of violence charged in Count One, Petitioner willfully and unlawfully used and carried a firearm in furtherance of the crime of violence charged in Count One, all in violation of 18 U.S.C. § 924(c)(1)(A)(i). Count Three charged Petitioner with the knowing possession with intent to manufacture, distribute and dispense marijuana, in violation of 21 U.S.C. § 841(a)(1) and (D). In Count Four, the grand jury charged Petitioner with threatening, interrupting and hindering the surveying of public lands, and any private land claim which had been and may be confirmed by the United States, by persons authorized to conduct surveys in conformity with the instructions of the Director of the Bureau of Land Management, in violation of 18 U.S.C. § 1859. [Criminal Case No. 1:07-cr-00007, Doc. 8: Indictment].

On April 16, 2007, Petitioner was charged by the Government by way of a Bill of Information with four counts of the unlawful possession of an American black bear, and aiding and abetting others in so doing, all in violation of 16 U.S.C. §§ 3372(a)(3) and 3373(d)(2) and 18 U.S.C. § 2. Each of the counts involved allegations occurring on different days that ranged from 2003 to 2006. [See Criminal Case No. 1:07-cr-00041, Doc. 1: Bill of Information].

On April 16, 2007, Petitioner entered into a written plea agreement with the Government in an effort to resolve both criminal cases that are referenced above. In the plea agreement, Petitioner agreed to plead guilty to Count One in his Indictment in exchange for the Government's agreement to dismiss the remaining counts in the Indictment if his plea was accepted. [Criminal Case No. 1:07-cr-00007, Doc. 21: Plea Agreement ¶ 1; Criminal Case No. 1:07-cr-00041, Doc. 2: Plea Agreement].[1] In addition, Petitioner agreed that he would plead guilty to Counts One through Four of the Bill of Information identified above. Petitioner further agreed that he understood that upon conviction on Count One of his Indictment, he could face a maximum term of no more than six years' imprisonment. Upon conviction on Count One through Four of the Bill of Information Petitioner agreed that he understood he could face no more than one year in prison on each count. [Id. ¶ 4].

On April 30, 2007, Petitioner appeared with counsel for his Plea and Rule 11 hearing. Petitioner was placed under oath and the elements and maximum penalties for conviction on Count One of the Indictment and Counts One through Four of the Bill of Information were explained to him. Petitioner acknowledged that he understood the possible penalties. The

---

[1] The plea agreement was filed in both criminal cases referenced above.

terms of the plea agreement were reviewed by the Government and Petitioner acknowledged that he understood the terms of the agreement. After addressing Petitioner and explaining that he was waiving his right to contest the charges through trial, Petitioner admitted that he was in fact guilty of all of the counts to which he had agreed to plead guilty as set forth in his plea agreement. Petitioner's pleas of guilty were accepted after the Magistrate Judge found that they were knowingly and voluntarily entered. [Criminal Case No. 1:07-cr-00007, Doc. 22: Acceptance and Entry of Guilty Plea].

In preparation for Petitioner's sentencing hearing, the probation officer drafted a presentence report ("PSR") which addressed the conduct charged in both the Indictment and the Bill of Information. The PSR noted the statutory penalty for conviction on Count One of the Indictment was not more than six years in prison, and under the provisions of the Sentencing Guidelines, based on a total offense level of 11 and a criminal history category of I, Petitioner's guideline range was 8 to 14 months' imprisonment. See U.S.S.G. § Chapter 5, Part A. [Id., Doc. 50: PSR ¶¶ 83-84]. The Petitioner filed no objections to the PSR.

On July 3, 2007, Petitioner appeared with counsel before the Honorable Richard L. Voorhees for his sentencing hearing and the Court

imposed a split sentence. For conviction on Count One of his Indictment, Petitioner was sentenced to a term of twelve months' imprisonment, with six months of active custody and six months of home confinement. Petitioner was sentenced to twelve months in prison on each of Counts One through Four from the Bill of Information in Criminal Case No. 1:07-cr-00041. Each of these terms also involved six months of active custody, and six months of home confinement. All of the terms of imprisonment were ordered to run concurrently. [Criminal Case No. 1:07-cr-00007, Doc. 30: Amended Judgment in a Criminal Case]. Petitioner did not appeal.

On September 21, 2010, Petitioner was again indicted by the grand jury in this District, this time on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). The Indictment alleged that Petitioner's conviction on Count One — that is, threatening to assault on a federal officer, in violation of 18 U.S.C. § 115(a)(1)(B) — qualified as a felony under federal law. In all, the Indictment charged Petitioner with the possession of one revolver, two rifles and two shotguns in addition to various forms of ammunition. [Criminal Case No. 1:10-cr-00059, Doc. 1: Indictment].

Petitioner entered a guilty plea to the § 922(g) charge without benefit of a plea agreement. On December 21, 2010, Petitioner appeared with

5

counsel for his Plea and Rule 11 hearing before U.S. Magistrate Judge David S. Cayer. After Petitioner was placed under oath, Judge Cayer explained the maximum penalties for conviction on the § 922(g) charge which was a term of not more than ten years' imprisonment. Judge Cayer further explained that Petitioner had a right to a jury trial where the Government would be required his prove his guilt beyond a reasonable doubt, he could cross-examine Government witnesses, and he could present his own defense. Judge Cayer accepted his plea of guilty after finding it to be both knowing and voluntary. [Id., Doc. 9: Acceptance and Entry of Guilty Plea].

On August 29, 2011, Petitioner appeared before the Court for his sentencing hearing and he was sentenced to a term of 41 months' imprisonment with such term to run consecutively to the term for violation of supervised release which was imposed in Criminal Cases 1:07-cr-00007 and 1:07-cr-00041. [Id., Doc. 28: Judgment in a Criminal Case]. Petitioner did not file an appeal.

On December 19, 2012, Petitioner filed the present Section 2255 motion to vacate his § 922(g) conviction contending his entitled to relief based on the Fourth Circuit's *en banc* opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides in relevant part as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

7

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not appeal his criminal judgment, which was entered on September 6, 2011; therefore, it became final fourteen days later on September 20, 2012. See Clay v. United States, 537 U.S. 522, 527 (2003). Petitioner's § 2255 motion was filed, at the earliest, on December 11, 2012, which is the date he avers that he placed the motion in the prison mailing system. [Doc. 1 at 12]. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Petitioner contends that his motion is timely under § 2255(f)(4), based on the holding in Simmons and subsequent cases, because he is actually innocent of the § 922(g) offense and his "free standing actual innocence claim" therefore renders it timely. First, the Court observes that a court ruling does not render a § 2255 motion timely if that ruling has occurred in another defendant's case rather than in a petitioner's own case. See, e.g., Johnson v. United States, 544 U.S. 295, 308-09 (2005); Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005).

Even if Petitioner could stake the timeliness of his petition to the date the Simmons opinion was filed, his § 2255 motion would still be untimely as the Simmons decision was filed nearly three weeks before his criminal

8

judgment was entered, and his § 2255 motion was filed some three months <u>after</u> his one-year limitation period had run. In sum, had Petitioner been able to obtain relief under <u>Simmons</u>, he must have filed his motion by September 20, 2012. His petition is therefore untimely under each of the provisions of § 2255(f) and should be dismissed.

Petitioner's § 2255 motion should also be dismissed because he presents no meritorious claim for relief. As is pertinent to Petitioner's claim, Section 922(g) provides that it is unlawful for any person to use, carry, or possess a firearm or ammunition if that person "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Here, Petitioner's conviction for violation of 18 U.S.C. § 115(a)(1)(B) carried a maximum term of imprisonment of not more than six years. It is of no consequence that Petitioner received a six-month active sentence for the § 115(a)(1)(B) conviction that was less than twelve months. He could have, in the Court's discretion, been sentenced to up to six years in prison. Hence, <u>Simmons</u> has no application to Petitioner's situation whatsoever.

Finally, Petitioner has filed a motion to supplement his § 2255 petition and contends, for the first time, that he is actually innocent of his conviction of threatening to assault a federal law enforcement officer because he did not, in fact, threaten to assault the officer. [Doc. 3 at 2]. A review of

Petitioner's Rule 11 hearing forecloses this claim as it is clear that the U.S. Magistrate Judge fully complied with the requirements of Rule 11(b) of the Federal Rules of Criminal Procedure. [Criminal Case No. 1:07-cr-00007, Doc. 22: Acceptance and Entry of Guilty Plea]. Further, Petitioner's signed a plea agreement, wherein he admitted to the facts supporting the charge and conviction. This fully undermines his new claim of innocence. [Id., Doc. 21: Plea Agreement]. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated . . .") (citing Blackledge v. Allison, 431 U.S. 63, 79 n.19 (1977)).

In addition, Petitioner's motion to supplement is untimely as the allegations he raises regarding actual innocence would surely have been known to him prior to, during, and following his solemn plea of guilty on April 30, 2007. For the foregoing reasons, Petitioner's motion to supplement his § 2255 petition will be denied.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner has not demonstrated that he is entitled to habeas relief from his federal conviction for violation of 18 U.S.C. § 922(g).

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED**;

2. Petitioner's motion to appoint counsel [Doc. 2] is **DENIED AS MOOT**;

3. Petitioner's motion to supplement his § 2255 motion [Doc. 3] is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: January 29, 2014

Martin Reidinger
United States District Judge